**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-4612

———————

IRVING COURTLEY JONES,
                                        Appellant

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cv-1530)
District Judge:  Honorable William Ditter, Jr.

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2010

Before: BARRY, AMBRO and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 24, 2010)

———————

OPINION

———————

PER CURIAM

    Irving Jones, proceeding pro se, appeals from the District Court's order dismissing

his complaint.  For the reasons that follow, we will affirm the District Court's order.

In 2008, Jones's claim for Pennsylvania state unemployment compensation benefits was denied by a referee, who found that Jones voluntarily left his job as a correctional officer at Graterford-SCI without necessary cause, and thus was ineligible for benefits. Jones appealed to the Pennsylvania Unemployment Compensation Board of Review (the "Board"), which affirmed the referee's decision. Jones then appealed to the Commonwealth Court of Pennsylvania. He argued, among other things, that the Board erred in finding that his reason for leaving his job was not of a necessitous and compelling nature and that the referee's refusal to allow him to submit certain evidence constituted a violation of his federal constitutional rights, his civil rights, and the United Nations Universal Declaration of Human Rights.

The Commonwealth Court affirmed the Board's decision, agreeing that Jones was ineligible for benefits. It then determined that Jones's claims of an improper hearing were unfounded and also waived, as the record did not establish that he objected to any of the referee's evidentiary rulings. The Commonwealth Court further concluded that Jones waived his claims that his rights under the Civil Rights Act and the Universal Declaration of Human Rights were violated, because he did not develop any argument, cite any authority, or make any reference to the record supporting these claims.

Jones then filed a complaint against the Board in the United States District Court for the Eastern District of Pennsylvania. He asserted that the "Commonwealth Court of

Pennsylvania erred in its ruling," and that he had a right to resolve his "1983 claim" and claim under the Universal Declaration of Human Rights. Jones then explained why he was eligible for unemployment benefits, and asked the District Court to grant him benefits and additional damages for hardship.

The Board moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and (6), asserting that the Board was entitled to sovereign immunity under the Eleventh Amendmnet, and that even if it had jurisdiction, Jones had failed to state a claim because the Board was not a "person" that could be sued under 42 U.S.C. § 1983, and because the putative federal claims were barred by claim preclusion.

The District Court thereafter issued an order granting the Board's motion as unopposed and dismissed Jones's complaint with prejudice.

Jones now appeals.

II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review of the order dismissing the complaint is plenary. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

Having reviewed the record in this case, we conclude that the District Court's order is contrary to our decision in Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). In Stackhouse, we made clear our disfavor of dismissals under Rule 12 for purpose of a sanction, and held that a Rule 12(b)(6) motion should not be granted without

3

an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions.  Id.  While we observed that "some cases" could be dismissed as unopposed, "particularly if the party is represented by an attorney," or if the party failed to comply with a court's orders, id. at 30, that is not the situation here.  There is no indication that Jones is an experienced litigator; moreover, the District Court did not issue any order advising Jones that he needed to comply with various rules, policies, or procedures, much less an order advising him that the case would be dismissed if he failed to respond to the Board's motion to dismiss.  Accordingly, we conclude that the District Court abused its discretion in dismissing Jones's complaint for failing to oppose the motion to dismiss.

We will nevertheless affirm the dismissal of the complaint.  Id. at 30 (finding that where a complaint fails to state a claim, this Court may affirm on the merits even if that complaint was erroneously dismissed for failure to respond to a motion to dismiss).  The Rooker-Feldman[1] doctrine provides that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding."  Marks v. Stinson, 19 F.3d 873, 885 n.11 (3d Cir. 1994) (internal citations and quotations omitted).  The doctrine applies when a plaintiff asks a district

---

[1]The Supreme Court explained the principles of the doctrine in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1993).

4

court to redress an injury caused by the state court judgment itself—not when a plaintiff merely seeks to relitigate a claim or issue already litigated in state court. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292-93 (2005). Jones's claims center on his pursuit of state unemployment benefits. He unsuccessfully challenged the denial of benefits through the state administrative process and then appealed to the Pennsylvania Commonwealth Court. Jones's complaint and submissions to this Court indicate that he seeks to challenge the state court's rejection of his claim for unemployment benefits and his allegations of constitutional and civil rights violations. His claims are therefore barred by the Rooker-Feldman doctrine.

Accordingly, the District Court lacked subject matter jurisdiction over Jones's complaint, and we will affirm the December 2, 2009 order dismissing his complaint.